## HALL, Respondent, vs. STEVENS, Appellant.

*January 15 — February 5, 1895.*

*Conversion: Limitation of actions: Waiver: Fraud: Evidence.*

1. At the close of his charge the trial judge stated that the question whether the action was barred by the statute of limitations was raised by the pleadings, but, inasmuch as it had not been insisted upon on the trial, he thought it unnecessary to say anything to the jury about it. This statement not having been objected to by defendant's counsel, it will be assumed on appeal that defendant had waived that defense.

2. In an action for the conversion of personal property commenced more than six years thereafter, plaintiff alleged that defendant had fraudulently concealed the fact from him until a short time before the action. *Held,* that it was not error to allow plaintiff to show when and from whom he obtained knowledge thereof, although defendant was not then present, it being stated by the court that such evidence was not to be considered as evidence of the conversion.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Affirmed.*

On June 4, 1881, one Charles E. Warner bought a buggy from the plaintiff, and to secure the payment of $35 of the purchase price thereof gave back to the plaintiff a note for that amount, secured by a chattel mortgage on the buggy and certain crops. Said mortgage was filed June 6, 1881. Thereupon Warner sold the buggy to Julius Stevens, who died soon after. On March 29, 1893, the plaintiff commenced this action in a justice's court, and alleged in his complaint, in effect, that April 25, 1882, the defendant, son of the said Julius Stevens, deceased, unlawfully took, carried away, and converted said buggy to his own use, and fraudulently concealed the fact from the plaintiff, to his damage in the sum of $40. The defendant answered by way of a general denial, and setting up the six years statute of limitation. The plaintiff recovered judgment in the jus-

Hall vs. Stevens.

tice's court, and the defendant appealed therefrom to the county court. Upon the retrial in the county court, the jury returned a verdict in favor of the plaintiff for $19.46. From the judgment entered thereon the defendant appeals.

For the appellant the cause was submitted on the brief of *James Freeman.*

*F. W. Houghton,* for the respondent, to the point that the statute of limitations does not begin to run till the fraud is discovered, cited R. S. sec. 4222, subd. 7; Wood, Lim. of Act. § 183, and cases cited in note 2, p. 382; *Manufacturers' Bank v. Perry,* 144 Mass. 313; *Gibbs v. Guild,* 9 Q. B. Div. 59; *Bailey v. Glover,* 21 Wall. 342, 347–349; *Munson v. Hollowell,* 26 Tex. 475; *Stidham v. Sims,* 74 Ga. 187; *Gerrish v. Seaton,* 73 Iowa, 15; *Clews v. Traer,* 57 id. 459; *Perry v. Wade,* 31 Kan. 428; *Duffitt v. Tuhan,* 28 id. 292; *Fritschler v. Koehler,* 83 Ky. 78; *Deake, Appellant,* 80 Me. 50; *Kelley v. Nealley,* 76 id. 71; *Humphrey v. Carpenter,* 39 Minn. 115; *Hughes v. Littrell,* 75 Mo. 573; *Parker v. Kuhn,* 21 Neb. 413; *Douglas v. Elkins,* 28 N. H. 26; *Decker v. Decker,* 108 N. Y. 128; *Bank v. McIntire,* 40 Ohio St. 528; *Hughes v. First Nat. Bank,* 110 Pa. St. 428; *Calhoun v. Burton,* 64 Tex. 510.

CASSODAY, J. Error is assigned because the trial court did not hold that the plaintiff's claim was barred by the statute of limitations. At the close of the charge, the court stated to the respective counsel that " there is a question raised here by the pleadings as to whether this cause of action accrued within six years, *but, inasmuch as it has not been insisted on on the trial,* I don't think it is necessary to say anything to this jury about it, and I will let what I have said stand as my charge to the jury." This court has repeatedly held, in effect, that where the trial court thus makes a statement of fact in regard to the case, which is acquiesced in by counsel by failing to make any objection or

correction at the time, the same must be regarded as a verity in the case. We must therefore assume that the defendant waived the defense of the statute of limitation. The theory of the plaintiff was that the fact of the buggy being fraudulently disposed of by the defendant was unknown to the plaintiff until a short time before the commencement of this action. We perceive no error, therefore, in allowing the plaintiff to prove when and from whom he obtained such information, merely because the defendant was not present at the time; especially as the court remarked, at the time of the ruling: "Of course, this is no evidence to be considered by the jury that *Stevens* took the buggy." The evidence is sufficient to support the verdict.

*By the Court.*— The judgment of the county court is affirmed.